UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN WILCOXSON,

       Plaintiff,

v.                                           Case No. 1:14-cv-1007

COMMISSIONER OF SOCIAL           Hon. Ray Kent
SECURITY,

       Defendant.
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born in 1954. PageID.191. She completed high school and had past employment as a retail assistant store manager, customer service manager, and office clerk. PageID.42 and 196. Plaintiff suffered a transient ischemic attack (TIA) on July 19, 2008. PageID.39. She alleged a disability onset date of January 27, 2011, approximately 2 1/2 years after suffering the TIA. PageID.191. Plaintiff identified her disabling conditions as very high blood pressure, high cholesterol, diabetes, stroke, drags her left leg, and short term memory loss. PageID.195. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on May 21, 2013. PageID.33-44. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.[1]

---

[1] After plaintiff filed this action, the Commissioner found that plaintiff was disabled as of January 1, 2015. *See* Notice of Award (docket no. 16). This award did not address the issue before the Court, i.e.,

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

---

whether plaintiff was disabled from January 27, 2011 through May 21, 2013.

of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that she had not engaged in substantial gainful activity since the alleged onset date of January

3

27, 2011, and that she meets the insured status requirements of the Act through December 31, 2015. PageID.35. At the second step, the ALJ found that plaintiff had the severe impairment of status post transient ischemic attack. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.37.

The ALJ decided at the fourth step that:

> [T]he claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except that she is limited to occasionally climbing ladders, ropes, and scaffolds and to avoiding concentrated exposure to hazardous machinery and unprotected heights.

*Id.* The ALJ also found that plaintiff is capable of performing her past relevant work as a customer service manager, work which does not require the performance of work related activities precluded by her residual functional capacity (RFC). PageID.42. Accordingly, the ALJ found that plaintiff has not been under a disability, as defined in the Social Security Act, at any time from January 27, 2011 (the alleged onset date) through May 31, 2013 (the date of the decision). PageID.43-44.

### III. ANALYSIS

Plaintiff raised three issues on appeal.

    A.    **The ALJ committed reversible error by not properly considering the opinion of Plaintiff's treating physician or of the consultative physician.**

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical

4

professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

### 1. Erwin Grasman, M.D.

Dr. Grasman treated plaintiff at Northside Immediate Medical Care, Inc. PageID.40. After the ALJ reviewed Dr. Grasman's treatment notes, he addressed the doctor's opinion as follows:

> As for the opinion evidence, Dr. Grasman, the primary care provider, completed a Medical Source Statement on February 18, 2013, in which he assessed that the claimant was limited to lifting/carrying up to 10 pounds; to sitting, standing,

5

> or walking up to 30 minutes each at one time; to sitting or walking up to 2 hours each in an 8-hour workday; to standing up to 1 hour in an 8-hour workday; to never reaching overhead and only occasionally handling, fingering, feeling, pushing or pulling; and to never using foot controls (Exhibit 12F). He further opined that the claimant was limited to occasional climbing stairs and ramps, but never climbing ladders or scaffolds, balancing, stooping, kneeling crouching, or crawling; and to no exposure to unprotected heights, moving machinery, operating a motor vehicle, humidity or wetness, pulmonary irritants, vibration, or temperature extremes (Exhibit 12F). Of particular interest, Dr. Grasman indicated that the claimant did not require the use of a cane to ambulate (Exhibit 12F, p. 2). Little weight is given to Dr. Grasman's assessment, although he is a treating source, because his conclusions are not supported by objective medical evidence and are contrary to his contemporaneous treatment notes, which do not indicate any more than sporadic treatment and relatively minor complaints. His opinion appears to rely solely on the claimant's subjective complaints, rather than objective medical evidence. In addition, the limitations assessed by Dr. Grasman conflict with the testimony by the claimant regarding her activities. For example, the claimant testified that she drives to work and she requires a cane, yet Dr. Grasman indicated she did not need a cane and was limited to no operation of motor vehicles.

PageID.40-41, citing PageID.346-351. The Court notes that Dr. Grasman's opinion did not include any narrative to explain the limitations. When asked to identify the particular medical or clinical findings to support the limitations, the doctor repeatedly referred the reader to see his chart. PageID.346-351. However, there were no charts attached to the opinion. The ALJ gave good reasons for the weight assigned to Dr. Grasman's opinion. *See Wilson*, 378 F.3d at 545. Accordingly, this claim of error is denied.

    **2.  Stephen A. Montes, D.O.**

Plaintiff contends that the ALJ disregarded the report of examining physician Dr. Montes. The regulations provide that the agency will evaluate every medical opinion received "[r]egardless of its source," and that unless a treating source's opinion is given controlling weight, the agency will consider the factors set forth in § 404.1527(c)(1)-(6) in deciding the weight given to any medical opinion. *See* 20 C.F.R. § 404.1527(c). While the ALJ is required to give "good reasons" for the weight assigned a treating source's opinion, *Wilson*, 378 F.3d at 545, this

6

articulation requirement does not apply when an ALJ rejects the report of a non-treating medical source. *See Smith v. Commissioner of Social Security*, 482 F.3d 873, 876 (6th Cir.2007). However, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (internal quotation marks omitted).

Here, Dr. Montes examined plaintiff in December 2012, and suggested the following permanent restrictions: "no lifting greater than five pounds, no bending, no squatting, no kneeling, no crawling, no stair climbing, no vibratory tools or activities, no repetitive activities, no ladder climbing, no unprotected heights, no reaching overhead and walking to tolerance." PageID.337. The ALJ gave little weight to Dr. Montes' restrictions "because he is not a treating source and his opinion is based on a single examination; his conclusions are contradicted by the claimant's statements regarding her activities; and his conclusions are based on the claimant's subjective complaints and are not supported by any objective medical evidence or diagnostic or imaging studies."

While the ALJ was not required to give good reasons for rejecting Dr. Montes' assessment, the Court cannot trace the path of her reasoning. The ALJ stated that Dr. Montes based his restrictions on plaintiff's subjective complaints without any objective medical evidence or diagnostic studies. Contrary to the ALJ's statement, the record reflects that Dr. Montes' examination included a variety of tests: cervical range of motion (passive); muscle testing cervical region; muscle testing bilateral shoulders; sensation, reflex, pulse, circulation testing bilateral arms/hands; thoracic and lumbar range of motion (passive); range of motion bilateral hips (passive); muscle testing bilateral legs; and sensation, reflex, pulse, circulation testing bilateral legs. PageID.329-338. Under these circumstances, the ALJ should re-evaluate Dr. Montes' restrictions in light of the testing

performed at the examination. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for that purpose.

> **B.     The ALJ did not have substantial evidence to support her finding that Plaintiff could have performed medium work, and she also erred in her assessment of Plaintiff's credibility.**

> **1.     Plaintiff's ability to perform medium work**

Plaintiff has presented little more than a bald contention that the ALJ erred. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the court deems this argument waived.

> **2.     Plaintiff was credible due to her work history**

A claimant's work history is one of the many factors that the ALJ can consider in making his credibility determination. *See* 20 C.F.R. § 404.1529(c)(3); *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994) (noting that an additional factor supporting the claimant's credibility was that she had a 17 year work history ). Plaintiff contends that the ALJ should have considered her lengthy work history in evaluating her credibility.  Here, the ALJ did consider plaintiff's work history, explicitly noting that plaintiff "had a steady and consistent work record for nearly 40 years, which indicates good work motivation." PageID.35. Accordingly, this claim of error is denied.

> **C.     The ALJ committed reversible error by using improper boilerplate language.**

Plaintiff contends that the ALJ used meaningless boilerplate language to evaluate her credibility. Where a claimant contends that the ALJ made only a "boilerplate" credibility finding, this contention has no merit where the ALJ provided a thorough explanation elsewhere in the

decision setting forth his reasons for doubting the claimant's account. *See Cox v. Commissioner of Social Security*, 615 Fed. Appx. 254, 260 (6th Cir. 2015). Here, the ALJ gave specific reasons for discounting plaintiff's credibility. PageID.41-42. Accordingly, this claim of error is denied.

### IV. CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate Dr. Montes' opinion in light of the testing performed at the examination. A judgment consistent with this opinion will be issued forthwith.


Dated: March 8, 2016        /s/ Ray Kent
                            RAY KENT
                            United States Magistrate Judge